UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-10322-M |
| | ) | CHAPTER 11 |
| SWADNER INVESTMENT | ) | |
| PROPERTIES, INC. | ) | |
| | ) | |
| Debtor. | ) | |

**OBJECTION TO MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND
GRANT REPLACEMENT LIENS AS ADEQUATE PROTECTION**

Secured Creditor Valley National Bank ("Valley") objects to Debtor Swadner Investment Properties, Inc.'s Motion for Authority to Use Cash Collateral and Grant Replacement Liens as Adequate Protection (the "Motion"). In support of its Objection, Valley states the following:

1.  Valley objects to the Motion on the grounds that there is no time limit on the Debtor's use of cash collateral. Given the amount of cash collateral the Debtor proposes to spend each month (approximately $100,000) and the uncertainty of predicting future expenses, it is in the best interests of all parties to impose a time limit on the Debtor's use of cash collateral to allow the parties an opportunity to reassess the use of cash collateral as the case proceeds.

2.  Valley concurs with the Objection filed by NBC Bank and requests that any Order for the use of cash collateral authorize the use of cash collateral until May 31, 2011. This date is an ideal benchmark because by this time, the Debtor should have filed a proposed Plan and the secured creditors can make an informed decision on the continued use of cash collateral through their review of Operating Reports and the Disclosure Statement.

3.  Valley further joins in the Objection of NBC Bank that the projected surplus in the Motion's monthly budgets is insufficient to provide payment to the secured creditors in any Plan proposed by the Debtor.

4. Valley acknowledges that the Debtor needs to use cash collateral to conduct its daily business operations throughout the bankruptcy and Valley consented to the interim use of cash collateral. However, the budget proposed by the Debtor does not demonstrate that the Debtor has the ability to propose a confirmable plan. Accordingly, Valley requests that any use of Cash Collateral create an average monthly surplus of at least $25,000.

Wherefore, Secured Creditor Valley National Bank objects to the Motion to the extent that there is no time limit on the use of cash collateral and the average monthly surplus is less than $25,000.

Respectfully submitted,

STUART, BIOLCHINI & TURNER

By: /s/ David P. Limekiller
David P. Limekiller, OBA#18173
15 East Fifth Street, Suite 4000
First Place Tower
Tulsa, Oklahoma  74103
 (918) 582-3311 (telephone)
 (918) 582-3033 (facsimile)
Attorneys for Valley National Bank

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the Valley National Bank's Objection was served electronically to all parties participating in the Court's CM/ECF system this 22nd day of March, 2011.

/s/ David P. Limekiller
David P. Limekiller