IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Swadener Investment Properties, LLC., | ) | Case No. 11-10322-M |
| | ) | Chapter 11 |
| | ) | |
| | ) | |
| Debtor-in-Possession. | ) | |

**MOTION FOR AUTHORITY TO INCUR POST PETITION AND
SUPER-PRIORITY INDEBTEDNESS FROM VALLEY NATIONAL BANK
AND NOTICE OF OPPORTUNITY FOR HEARING**

Swadener Investment Properties, LLC ("SIP"), the above-captioned Debtor-in-Possession, moves this Court for authority to incur post-petition and super-priority indebtedness from Valley National Bank pursuant to 11 U.S.C. Section 364(c); and F.R.Bankr.P 4001(c) and 9014. In support of this Motion, SIP would show the Court as follows:

### Background

1.	SIP filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on February 18, 2011. SIP is authorized to operate its business as a debtor-in-possession pursuant to 11 U.S.C. Sections 1107 and 1108.

2.	SIP has continued in the management and operation of its business and properties as debtor-in-possession. No trustee or examiner has been appointed in this case, and no official creditors' committee has been formed.

3.	SIP owns and operates four (4) commercial office buildings and a retail shopping center.

4.	One of SIP's assets is the Remington Tower, a 19-story, 86,000 square foot,

1

commercial office building located at 5810 E. Skelly Drive, Tulsa, Oklahoma. The scheduled value of the Remington Tower is $6,000,000.00.

5.      Valley National Bank has a mortgage secured by the Remington Tower in the approximate amount of $4,366,451.10.

6.      SIP is a party to a long term lease agreement with Witt Properties, Incorporated ("Witt") concerning the Remington Tower. On June 10, 2010, SIP filed its Motion for Order Approving Assumption of Lease of Non-Residential Real Property (the "Assumption of Lease Motion") to assume the lease with Witt. Witt has responded to SIP's Assumption of Lease Motion, requiring that the pre-petition ad valorem taxes be paid to the Tulsa County Treasurer.

7.      In its Response, Witt contends that the unpaid ad valorem taxes owed to the Tulsa County Treasurer constitutes a default in its lease with SIP; and these taxes must be paid to cure the default.

8.      The amount of the pre-petition ad valorem taxes for the years 2007, 2008, 2009 owed to the Tulsa County Treasurer is approximately $212,517.61.

## Relief Requested

9.      Valley National Bank has agreed to loan SIP the sum of $212,517.61 or that amount to pay the 2007, 2008, and 2009 ad valorem taxes owed to the Tulsa County Treasurer so that SIP's lease with Witt can be assumed.

10.     Valley National Bank has agreed to loan these funds to SIP conditioned upon (a) it receiving an administrative claim with priority over any or all administrative expenses of the kind specified in 11 U.S.C. Sections 503(b) or 507(b) in the event a plan of reorganization is not confirmed, (b) it receiving a lien as to the net cash attributable to the commercial office buildings in which it has a mortgage in the event a plan of reorganization is not confirmed, and

(c) securitization by the additional amount loaned to the mortgage already in place against Remington Tower.  The liens and claims granted to Valley National Bank shall be subject and subordinate to payment of quarterly U.S. Trustee Fees.

11.     SIP, as the borrower,  shall use the funds for the payment of the pre-petition 2007, 2008, and 2009 ad valorem taxes owed to the Tulsa County Treasurer so that its lease with Witt may be assumed.

12.     This loan shall be repaid as part of SIP's indebtedness to Valley National Bank in accordance with SIP's Plan of Reorganization.  The proposed interest rate is 3.25% per annum with interest only payments until the loan matures in 16 months from the date of confirmation.

13.     Valley National Bank shall have a super-priority administrative expense lien pursuant to 11 U.S.C. Section 34(c)(1) over all administrative expenses (except quarterly U.S. Trustee Fees) of the kind specified in 11 U.S.C. Sections 503(b) and 507(b) in the event a plan of reorganization is not confirmed.

14.     There is no provision with Valley National Bank for providing it adequate protection or priority for a claim that arose before the commencement of SIP's case.

15.     SIP has determined that Valley National Bank has a properly perfected first mortgage on the Remington Tower in the pre-petition amount of approximately $4,366,451.10.

16.     The automatic stay provisions of 11 U.S.C. Section 362 shall be terminated or modified as to Valley National Bank to the extent necessary to implement the proposed order approving this Motion.

17.     There has been no waiver or modification of any entity's authority or right to file a plan, seek extension of time to file a plan, request the use of cash collateral, or request the authority to obtain credit.

18.    There has been no establishment of deadlines for filing a plan, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order.

19.    There has been no waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien.

20.    There has been no release, waiver or limitation on any claim or other cause of action belonging to SIP, including the modification of the statute of limitations or other deadline to commence an action.

21.    There has been no indemnification of any entity.

22.    There has been no release, waiver, or limitation of any right under 11 U.S.C. Section 506(c).

23.    There has been no grant of a lien on any claim or cause of action arising under 11 U.S.C. Sections 544, 545, 547, 548, 553(b), 723(a), or 724(a).

### Basis for Relief

24.    SIP's loan with Valley National Bank is supported by SIP's business judgment:

    a.    There is an immediate and critical need for SIP to obtain funds so that its lease with Witt concerning the Remington Tower may be assumed.

    b.    Maintaining its lease with Witt so that SIP may continue its ownership and operation of Remington Tower is in the best interests of all parties in interest because it preserves the equity SIP has in the Remington Tower.

25.    SIP was unable to obtain the required funds in the form of unsecured debt. SIP was unable to obtain the required funds in the form of secured debt except under the terms it has negotiated with Valley National Bank.

26.     Pursuant to 11 U.S.C. Section 364(c), if a debtor is unable to obtain unsecured loan as an administrative expense, the Court may authorize the debtor to obtain a loan with priority over all administrative expenses, secured by a lien upon property of the estate, or secured by a junior lien of property of the estate.

27.     A copy of the proposed Order Authorizing Post-Petition and Super-Priority Debt from Valley National Bank is attached as Exhibit "A".

### Notice and Opportunity for Hearing

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103, no later than eighteen (18) days from the date of filing of this request for relief. You should also mail a filed-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. **The eighteen (18) day period includes the 3 days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. Proc.**

WHEREFORE, SIP seeks authority to borrow funds from Valley National Bank on the secured, administrative, and super-priority basis described above so that SIP can preserve a valuable asset (the Remington Tower) by curing a default in its lease with Witt.

Respectfully submitted this 20th day of July, 2011.

RIGGS, ABNEY, NEAL, TURPEN, ORBISON & LEWIS

_Scott P. Kirtley_

Scott P. Kirtley, OBA#11386
502 W. 6th Street
Tulsa, Oklahoma 74119
(918) 587-3161
(918) 587-9708 (fax)

Attorneys for Swadener Investment Properties, LLC

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

IN RE:                                              )
                                                    )
Swadener Investment Properties, LLC.,               )        Case No. 11-10322-M
                                                    )        Chapter 11
                                                    )
                                                    )
            Debtor-in-Possession.                   )

## ORDER AUTHORIZING POST PETITION AND
## SUPER-PRIORITY INDEBTEDNESS FROM VALLEY NATIONAL BANK

This Court, after review and consideration of the Motion for Authority to Incur Post

Petition and Super-Priority Indebtedness from Valley National Bank and Notice of Opportunity

for Hearing (the "Motion") filed July 20, 2011, and the pleadings on file in this case, finds as

follows:

      1.        Swadener Investment Properties, LLC ("SIP"), the above-captioned Debtor-in-

Possession, filed its Motion for authority to incur post-petition and super-priority indebtedness

from Valley National Bank pursuant to 11 U.S.C. Section 364(c); and F.R.Bankr.P 4001(c) and

9014.

      2.        As reflected by the Affidavit of Service, notice of the Motion was mailed to all

parties in interest.

      3.        No objections to the Motion have been filed.

      4.        SIP filed its voluntary petition for relief under Chapter 11 of Title 11 of the

United States Code on February 18, 2011.  SIP is authorized to operate its business as a debtor-

in-possession pursuant to 11 U.S.C. Sections 1107 and 1108.

      5.        SIP has continued in the management and operation of its business and properties



EXHIBIT
A

as debtor-in-possession.  No trustee or examiner has been appointed in this case, and no official creditors' committee has been formed.

6.      SIP owns and operates four (4) commercial office buildings and a retail shopping center.

7.      One of SIP's assets is the Remington Tower, a 19-story, 86,000 square foot, commercial office building located at 5810 E. Skelly Drive, Tulsa, Oklahoma.  The scheduled value of the Remington Tower is $6,000,000.00.

8.      Valley National Bank has a mortgage secured by the Remington Tower in the approximate amount of $4,366,451.10.

9.      SIP is a party to a long term lease agreement with Witt Properties, Incorporated ("Witt") concerning the Remington Tower.  On June 10, 2010, SIP filed its Motion for Order Approving Assumption of Lease of Non-Residential Real Property (the "Assumption of Lease Motion") to assume the lease with Witt.  Witt has responded to SIP's Assumption of Lease Motion, requiring that the pre-petition ad valorem taxes be paid to the Tulsa County Treasurer.

10.      In its Response, Witt contends that the unpaid ad valorem taxes owed to the Tulsa County Treasurer constitutes a default in its lease with SIP; and these taxes must be paid to cure the default.

11.      The amount of the pre-petition ad valorem taxes for the years 2007, 2008, 2009 owed to the Tulsa County Treasurer is approximately $212,517.61.

12.      Valley National Bank has agreed to loan SIP the sum of $212,517.61 or that amount to pay the 2007, 2008, and 2009 ad valorem taxes owed to the Tulsa County Treasurer; and SIP's lease with Witt can be assumed.

13.      Valley National Bank has agreed to loan these funds to SIP conditioned upon the

(a) it receiving an administrative claim with priority over any or all administrative expenses of the kind specified in 11 U.S.C. Sections 503(b) or 507(b), in the event a plan of reorganization is not confirmed, (b) it receiving a lien as to the net cash attributable to the commercial office buildings in which it has a mortgage in the event a plan of reorganization is not confirmed, and (c) securitization by the additional amount loaned to the mortgage already in place against Remington Tower. The liens and claims granted to Valley National Bank shall be subject and subordinate to payment of quarterly U.S. Trustee Fees.

14.     SIP, as the borrower,  shall use the funds for the payment of the pre-petition 2007, 2008, and 2009 ad valorem taxes owed to the Tulsa County Treasurer so that its lease with Witt may be assumed.

15.     This loan shall be repaid as part of SIP's indebtedness to Valley National Bank in accordance with SIP's Plan of Reorganization. The proposed interest rate is 3.25% per annum with interest only payments until the loan matures in 16 months from the date of confirmation.

16.     Valley National Bank shall have a super-priority administrative expense lien pursuant to 11 U.S.C. Section 34(c)(1) over all administrative expenses (except quarterly U.S. Trustee Fees) of the kind specified in 11 U.S.C. Sections 503(b) and 507(b) in the event a plan of reorganization is not confirmed.

17.     There is no provision with Valley National Bank for providing it adequate protection or priority for a claim that arose before the commencement of SIP's case.

18.     SIP has determined that Valley National Bank has a properly perfected first mortgage on the Remington Tower in the pre-petition amount of approximately $4,366,451.10.

19.     The automatic stay provisions of 11 U.S.C. Section 362 shall be terminated or

modified as to Valley National Bank to the extent necessary to implement the proposed order approving this Motion.

20.     There has been no waiver or modification of any entity's authority or right to file a plan, seek extension of time to file a plan, request the use of cash collateral, or request the authority to obtain credit.

21.     There has been no establishment of deadlines for filing a plan, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order.

22.     There has been no waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien.

23.     There has been no release, waiver or limitation on any claim or other cause of action belonging to SIP, including the modification of the statute of limitations or other deadline to commence an action.

24.     There has been no indemnification of any entity.

25.     There has been no release, waiver, or limitation of any right under 11 U.S.C. Section 506(c).

26.     There has been no grant of a lien on any claim or cause of action arising under 11 U.S.C. Sections 544, 545, 547, 548, 553(b), 723(a), or 724(a).

27.     SIP's loan with Valley National Bank is supported by SIP's business judgment:

      a.  There is an immediate and critical need for SIP to obtain funds so that its lease with Witt concerning the Remington Tower may be assumed.

      b.  Maintaining its lease with Witt so that SIP may continue its ownership and operation of Remington Tower is in the best interests of all parties in interest because it preserves the equity SIP has in the Remington Tower.

28.    SIP was unable to obtain the required funds in the form of unsecured debt. SIP was unable to obtain the required funds in the form of secured debt except under the terms it has negotiated with Valley National Bank.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that notice of the Motion is proper.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SIP is authorized to borrow from Valley National Bank the sum of $212,517.61 or that amount to pay the 2007, 2008, and 2009 ad valorem taxes owed to the Tulsa County Treasurer so that SIP's lease with Witt can be assumed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Valley National Bank shall (a) receive an administrative claim with priority over any or all administrative expenses of the kind specified in 11 U.S.C. Sections 503(b) or 507(b) in the event a plan of reorganization is not confirmed, (b) receive a lien as to the net cash attributable to the commercial office buildings in which it has a mortgage in the event a plan of reorganization is not confirmed, and (c) be secured by the additional amount loaned on the mortgage already in place against the Remington Tower. The liens and claims granted to Valley National Bank shall be subject and subordinate to payment of quarterly U.S. Trustee Fees.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SIP, as the borrower, shall use the funds for the payment of the pre-petition 2007, 2008, and 2009 ad valorem taxes owed to the Tulsa County Treasurer so that its lease with Witt may be assumed.

Dated this ____ day of August, 2011.

Submitted by:

RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS

_____
Scott P. Kirtley, OBA#11388
502 W. 6th Street
Tulsa, Oklahoma 74119
(918) 587-3161
(918) 587-9708 (fax)

Attorneys for Swadener Investment Properties, LLC