IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Swadener Investment Properties, LLC | ) | Case No. 11-10322-M |
| | ) | Chapter 11 |
| | ) | |
| | ) | The Honorable Terrence L. Michael |
| | ) | |
| Debtor-In-Possession. | ) | |

## DISCLOSURE STATEMENT FOR SWADENER INVESTMENT PROPERTIES, LLC

Scott P. Kirtley
RIGGS, ABNEY, NEAL,
TURPEN, ORBISON & LEWIS
502 West 6th Street
Tulsa, Oklahoma  74119-1010
(918) 587-3161
(918) 587-9708 (fax)

Dated: August 15, 2011

Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Swadener Investment Properties, LLC | ) | Case No. 11-10322-M |
| | ) | Chapter 11 |
| | ) | |
| | ) | The Honorable Terrence L. Michael |
| | ) | |
| Debtor-In-Possession. | ) | |

## DISCLOSURE STATEMENT FOR SWADENER PROPERTIES, LLC

### I. INTRODUCTION

Swadener Investment Properties, LLC (the "Debtor"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on February 18, 2011 (the Petition Date"). The Debtor possesses its property and operates and manages its business as debtor in possession pursuant to 11 U.S.C. Sections 1107 and 1108.

This Disclosure Statement has been prepared by the Debtor; and contains information about the Debtor and describes the Plan of Reorganization filed by the Debtor on August 15, 2011. This Disclosure Statement is distributed pursuant to the provisions of 11 U.S.C. Section 1125 which require that there be submitted to holders of claims against and the equity interests in the Debtor. Your rights may be affected. You should read the Plan and this Disclosure Statement carefully and discuss them with your attorney. If you do not have an attorney, you may wish to consult one.

After review of its business operations and reorganization alternatives, the Debtor has concluded that in order to maximize value for creditors and the equity interest holders they will be best served by a reorganization of the Debtor in which all allowed claims against the estate are paid in full and the holder of the allowed equity interest will retain his interest in the Debtor. The Debtor believes that the Plan provides the best recoveries possible for the holders of claims against the Debtor and strongly recommends that you vote to accept the Plan.

This Disclosure Statement describes:

- The Debtor and significant events during the bankruptcy case.
- How the Plan proposes to treat claims and the equity interest of the type you hold.
- Who can vote on or object to the Plan.
- What factors the Bankruptcy Court will consider when deciding whether to confirm the Plan.

- Why the Debtor believes the Plan is feasible, and how the treatment of your claim or interest under the Plan compares to what you would receive on your claim or interest if the Debtor's assets were liquidated.
- The effect of confirmation of the Plan.

## II.  PROCEDURE FOR CONFIRMATION OF PLAN

The Bankruptcy Court has not yet confirmed the Plan described in this Disclosure Statement.  This section describes the procedures pursuant to which the Plan will or will not be confirmed.

### A.    Approval of the Disclosure Statement

First, the Bankruptcy Court must approve this Disclosure Statement.  Approval of the Disclosure Statement is set for the ___ day of September, 2011, at _____, United States Bankruptcy Court, Courtroom No. 2, 224 S. Boulder, Tulsa, Oklahoma.  Objections to the approval of the Disclosure Statement must be filed on or before the ____ day of September, 2011.

THE BANKRUPTCY COURT'S APPROVAL OF THIS DISCLOSURE STATEMENT DOES NOT CONSTITUTE EITHER A GUARANTY OF THE ACCURACY OR COMPLETENESS OF THE INFORMATION CONTAINED HEREIN OR AN ENDORSEMENT OF THE PLAN BY THE BANKRUPTCY COURT.

### B.    The Confirmation Hearing

Second, after approval of the Disclosure Statement, the Bankruptcy Court will consider confirmation of the Plan pursuant to 11 U.S.C. Sections 1129(a) or (b).  The Bankruptcy Court has set the ___ day of _____, 2011, at _____, United States Bankruptcy Court, Courtroom No. 2, 224 S. Boulder, Tulsa, Oklahoma, as the date, time and location for the hearing on the acceptance and confirmation of the Plan.

### C.    Confirmation Requirements

To be confirmable, the Plan must meet the requirements listed in 11 U.S.C. Section 1129(a) or (b).  These include the requirements that the Plan must be proposed in good faith, at least one impaired class of claims must accept the Plan (not including vote of insiders), the Plan must distribute to each creditor and the equity interest holder at least as much as the creditor or equity interest holder would receive in a Chapter 7 liquidation case (unless the creditors or equity interest holder votes to accept the Plan, and the Plan must be feasible.  These requirements are not the only requirements listed in 11 U.S.C. Section 1129, and they are not the only requirement for confirmation.

D.     Who May Vote

A creditor or the equity interest holder, in order to be able to vote on the Plan, must have filed a proof of claim or interest unless such creditor or equity interest holder is scheduled as having a claim which is neither contingent, disputed nor unliquidated.

As a creditor or equity interest holder, your vote is important. Only impaired classes of claims can vote on the Plan. As provided in 11 U.S.C. Section 1124, a class of claims is considered impaired if the Plan alters the legal, equitable, or contractual rights of the members of that class.

E.     Votes Necessary to Confirm the Plan

If impaired classes exist, the Bankruptcy Court cannot confirm the Plan unless (1) at least one impaired class of creditors has accepted the Plan without counting the votes of any insiders within that class, and (2) all impaired classes have voted accept the Plan, unless the Plan is eligible to be confirmed by "cram down" on the non-accepting classes.

A class of claims accepts the Plan if both of the following occur (1) the holders of more than one-half (1/2) of the allowed claims in the class, who vote, cast their votes to accept the Plan, and (2) the holders of at least two-thirds (2/3) in dollar amount of the allowed claims in the class, who vote, cast their votes to accept the Plan.

A class of equity interest holders accepts the Plan if the holders of at least two-thirds (2/3) in amount of the allowed equity interests in the class, who vote, cast their votes to accept the Plan.

Even if one or more impaired classes reject the Plan, the Bankruptcy Court may nonetheless confirm the Plan if the nonaccepting classes are treated in the manner prescribed by 11 U.S.C. Section 1129(b). A Plan that binds nonaccepting classes commonly referred to as a "cram down" Plan. The Bankruptcy Code allows the Plan to bind nonaccepting classes of claims or equity interests if it meets all the requirements for consensual confirmation except the voting requirements of 11 U.S.C. Section 1129(a)(8), does not discriminate unfairly, and is fair and equitable toward each impaired class that has not voted to accept the Plan.

The Disclosure Statement is being delivered to holders of claims in classes 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, and 12. Claims in these classes are impaired under the Plan, and the holders of such claims are entitled to vote to accept or reject the Plan.

The claim in class 10, and the equity interest holders in Class 13 are not impaired; therefore, these classes are presumed to have accepted the Plan and are not entitled to vote to accept or reject the Plan.

Those creditors voting may cast their votes for or against the Plan by completing, dating, signing and mailing the Ballot accompanying this Disclosure Statement to Scott P. Kirtley, 502 West 6th Street, Tulsa, Oklahoma  74119-1010.  Ballots must be received by the ___ day of _____, 2011.

This Disclosure Statement is the only document authorized by the Bankruptcy Court to be used in connection with the solicitation of votes on the Plan.  No solicitation of votes may be made except pursuant to this Disclosure Statement, and no person has been authorized by the Bankruptcy Court or the Debtor to use or disclose any information concerning the Debtor other than the information contained herein.

F.    Recommendation.

The Debtor believes that confirmation of the Plan is desirable and in the best interests of creditors.  The Plan provides for the realization of the highest available value for the Debtor's assets and an equitable and efficient distribution to creditors.  Any alternative to confirmation of the Plan, such as conversion to Chapter 7 liquidation or attempts by another party in interest to file a plan, would result in significant delays, litigation and expense.

## III. HISTORY OF THE DEBTOR

A.    Description of the Debtor

The Debtor is an Oklahoma Limited Liability Corporation.  The Debtor owns and operates four (4) commercial office buildings (Remington Tower, 2800 Center, 2700 Center and 2600 Center) and a retail shopping center (Northeast Plaza) in Tulsa, Oklahoma.  These properties are commonly described as:

1. Remington Tower, 5810 E. Skelly Drive, Tulsa, Oklahoma
2. 2800 Center, 2800 E. Skelly Drive, Tulsa, Oklahoma
3. 2700 Center, 2761 E. Skelly Drive, Tulsa, Oklahoma
4. 2600 Center, 2600 E. Skelly Drive, Tulsa, Oklahoma
5. Northeast Plaza, 116-1150 E. Garnett Road, Tulsa, Oklahoma

B.    Insiders of the Debtor

The current  members of the Debtor are:

| Name | Position | Salary |
|------|----------|--------|
| Mark W. Swadener | Managing Member (99%) | $50,000.00 per year |
| Dru Graham | Member (1%) | $78,897.00 |

Mark W. Swadener managed the business operations of the Debtor since its inceptions and  throughout  this  case.   Mark  W.  Swadener  shall  be  the  manager  of  the  Debtor  upon

confirmation of the Plan.  Dru Graham is the chief financial officer of the Debtor, and shall continue in her position after confirmation of the Plan.

Mark W. Swadener is a certified public accountant and a licensed real estate broker.  He left his position as chief financial officer for Oral Roberts Ministries in 1993, and since then has devoted 100% of his time to the purchase, sale, lease, and management of commercial properties.

Mark W. Swadener holds an unsecured claim in the approximate amount of $84,586.21. Dru Graham holds an unsecured claim in the approximate amount of $180,480.72.

C.      The Events Leading to Bankruptcy

The three-year long construction process of widening Interstate 44 between Lewis Avenue and 41st Street dramatically affected the Debtor's ability to retain and secure tenants for its commercial buildings.  Remington Tower, 2800 Center, 2700 Center, and 2600 Center are all located on the service roads along Interstate 44 between Lewis Avenue and 41st Street.  The lack of access to these properties, the snarled traffic and congestion on Interstate 44, the noise and dust of construction, the damage caused by construction crew severing water lines, and the storage of heavy equipment and construction materials cause the occupancy rates of these properties to decline from 85% to below 60%.

After the financial collapse of 2008, the Debtor was unable to secure bank financing for normal and customary capital, equipment, and tenant improvements.  Due to these bank lending changes, the Debtor run out of cash in 2011, and already received notices from the office of the Tulsa County Treasurer that the properties were to be sold at a tax sale.  Therefore, the Debtor filed for relief under Chapter 11 of the Bankruptcy Code.

D.      Significant Events During the Bankruptcy Case

On February 18, 2011, the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code.  Since that date the Debtor has remained in possession of its property and continues to operate its business as Debtor in possession pursuant to 11 U.S.C. Sections 1107 and 1108.

As of the commencement of this case, the Debtor's Schedules of Assets and Liabilities can be summarized as follows:

| Secured Creditor | Security | Property Description | Amount of Secured Claim | Value of Collateral | Equity |
|---|---|---|---|---|---|
| Valley National Bank | Remington Tower | 1st Mortgage | $4,366,451.10 | $6,000,000.00 | $1,421,031.29 |

| | | | | | |
|---|---|---|---|---|---|
| Tulsa County Treasurer | Remington Tower | Statutory Lien | $212,517.61 | | |
| NBC Bank | 2800 Center | 1st Mortgage | $1,289,824.91 | $1,988,500.00 | $597,982.63 |
| NBC Bank | 2800 Center | 2nd Mortgage | $36,410.99 | | |
| Tulsa County Treasurer | 2800 Center | Statutory Lien | $64,281.47 | | |
| Valley National Bank | 2700 and 2600 Centers | 1st Mortgage | $2,052,881.49 | 2,824,000.00 | $566,545.08 |
| Regent Bank | 2700 and 2600 Centers | 2nd Mortgage | $135,779.00 | | |
| Tulsa County Treasurer | 2700 and 2600 Centers | Statutory Lien | $68,794.43 | | |
| NBC Bank | NE Plaza | 1st Mortgage | $2,616,893.25 | $3,656,900.00 | $197,538.40 |
| Ray Bagwell | NE Plaza | 2nd Mortgage | $591,585.79 | | |
| Tulsa County Treasurer | NE Plaza | Statutory Lien | $250,882.56 | | |

| Unsecured Creditors | Type | Amount |
|---|---|---|
| | Priority Unsecured | $7,753.94 |
| | General Unsecured | $586,704.34 |

Orders have been entered during the pendency of this case (a) for the continuation of utility services and adequate protection, (b) authorizing use of cash collateral and granting replacement liens, (c) authorizing assumption of ground leases and tenant leases, (d) and to incur debt.

The Debtor has hired professionals during the case. Scott P. Kirtley and the law firm of Riggs Abney Neal Turpen Orbison & Lewis have been retained as legal counsel. Dean Lewis and NAI Commercial Properties have been retained as a real estate broker.

Monthly operating reports have been filed and reflect the following receipts and disbursements:

| Month | Receipts | Disbursements | Balance |
|---|---|---|---|
| February (partial month) | $34,557.36 | $1,804.21 | $32,753.15 |
| March | $137,079.68 | $84,593.67 | $52,486.01 |
| April | $113,992.33 | $101,244.85 | $12,747.48 |
| May | $142,117.64 | $91,943.23 | $50,174.41 |
| June | $100,093.23 | $78,273.83 | $21,819.40 |

| Totals: | $527,840.24 | $357,859.79 | $169,980.45 |
| --- | --- | --- | --- |

Completion of the construction project on Interstate 44 between Lewis Avenue and 41st Street is scheduled for completion during 2011. With the completion of construction, those factors that prohibited leasing the commercial office buildings will be substantially eliminated. Mark W. Swadener and the Debtor believe the occupancy will rise in the commercial office buildings along the Interstate 44 corridor because of the central location, and improvements of the completed construction project.

The Debtor has prepared pro-forma financial statements projecting its future financial performance. Based upon these projection, the Debtor believes the holders of allowed claims will be paid in accordance with the provisions of the Plan. The Debtor's financial statements for November, 2011 through April 2012 are attached as Exhibit "A".

E.    Legal Proceedings

The Debtor has reviewed its financial affairs during the two years before the commencement of this case. The Debtor is not aware of any preference, fraudulent conveyance, or other avoidance actions.

Pending upon the commencement of this case was the Debtor's wrongful condemnation action against the Oklahoma Department of Transportation ("ODOT"). The Debtor will aggressively pursue its claims against ODOT after confirmation of the Plan.

As can be expected with the leasing of commercial office space, some tenants have and will breach their leases with the Debtor. The Debtor will pursue recovery of these breach of contract claims in the ordinary course of its business.

## IV.    SUMMARY OF THE PLAN

A.    Introduction.

As required by the Bankruptcy Code, the Plan places claims and the equity interest holder in various classes and describes the treatment each class will receive. The Plan also states whether each class of claims or equity interest is impaired or unimpaired. If the Plan is confirmed, your recovery will be limited to the amount provided by the Plan.

B.    Unclassified Claims

Certain types of claims are automatically entitled to specific treatment under the Bankruptcy Code. They are not considered impaired, and holders of such claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Bankruptcy Code. As such, the Debtor has not placed the

following claims in any class:

### 1. Administrative Expenses

Administrative expenses are costs or expenses of administering the Debtor's Chapter 11 case which are allowed under 11 U.S.C. Section 5027(a)(2). Administrative expenses also include the value of any goods sold to the Debtor in the ordinary course of business and received within 20 days before the Petition Date. The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following is a chart of the Debtor's estimated administrative expenses, and their proposed treatment under the Plan:

| Type of Administrative Expense | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| The Value of Goods Received in the Ordinary Course of Business within 20 days before the Petition Date | $3,188.77 | Paid in full on the Effective Date of the Plan |
| Professional Fees, as approved by the Court | $30,000.00 | Paid in full on the Effective Date of the Plan, or according to Court Order if such fees have not been approved by the Court on the Effective Date of the Plan |
| U.S. Trustee Fees | $975.00 | Paid in full on the Effective Date of the Plan, and quarterly until Case is closed |
| **Total:** | **$34,163.77** | |

C.   Classes of Claims and Equity Interest

The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan.

### 1. Priority Claims

| Class No. | Description | Amount | Insider | Impairment | Treatment |
|---|---|---|---|---|---|
| 1 | Priority Claim for Contribution to Employee Benefit Plan **Becky Vallely** | $161.53 | No | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |

9

| 1 | Priority Claim for Contribution to Employee Benefit Plan<br><br>**Dru Graham** | $3,000.00 | Yes | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |
|---|---|---|---|---|---|
| 1 | Priority Claim for Contribution to Employee Benefit Plan<br><br>**Glen Stout** | $1,614.17 | No | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |
| 1 | Priority Claim for Contribution to Employee Benefit Plan<br><br>**Glenda Foster** | $646.50 | No | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |
| 1 | Priority Claim for Contribution to Employee Benefit Plan<br><br>**Kevin Cline** | $1,122.28 | No | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |
| 1 | Priority Claim for Contribution to Employee Benefit Plan<br><br>**Melissa Nash** | $905.68 | No | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |
| 1 | Priority Claim for Contribution to Employee Benefit Plan<br><br>**Nikole Dickenson** | $303.78 | No | Yes | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |

2. *Secured Claims*

| Class No. | Description | Amount | Insider | Impairment | Treatment |
|---|---|---|---|---|---|
| 2 | Secured Claim of Valley National Bank<br><br>Remington Tower | $4,592,191.33 | No | Yes | Months 1-14 interest only at 2.2%<br>Payment: $8,419.02<br><br>Month 15 principal due, but Debtor contemplates refinancing |
| 3 | Secured Claim of NBC Bank<br><br>2800 Center | $1,354,106.38 | No | Yes | Months 1-14 interest only at 3.25%<br>Payment: $3,667.37<br><br>Month 15 principal due, but Debtor contemplates refinancing |
| 4 | Secured Claim of NBC Bank<br><br>2800 Center | $36,410.99 | No | Yes | Months 1-14 interest only at 3.25%<br>Payment: $98.61<br><br>Month 15 principal due, but Debtor contemplates refinancing |
| 5 | Secured Claim of Valley National Bank<br><br>2700 & 2600 Centers | $1,917,102.49 | No | Yes | Months 1-14 interest only at 2.2%<br>Payment: $3,514.69<br><br>Month 15 principal due, but Debtor contemplates refinancing |
| 6 | Regent Bank<br><br>2700 & 2600 Centers | $135,779.00 | No | Yes | Months 1-60 interest at 3.25% principal and interest amortized over 240 months<br>Payment: $770.13<br><br>Month 61 principal due |

| 7 | Secured Claim of NBC Bank<br><br>Northeast Plaza | $2,867,775.81 | No | Yes | Months 1-14 interest only at 3.25%<br>Payment: $7,766.89<br><br>Month 15 principal due but Debtor contemplates refinancing |
|---|---|---|---|---|---|
| 8 | Secured Claim of Ray Bagwell<br><br>Northeast Plaza | $605,337.23 | No | Yes | Months 1-12 interest only at 3.25%<br>Payment: $1,639.45<br><br>Months 13-24 interest only at 4.25%<br>Payment: $2,143.90<br><br>Months 25-60 interest at 5.5% principal and interest amortized over 240 months<br>Payment: $4,164.04<br><br>Month 61 principal due |
| 9 | Secured Claim of Tulsa County Treasurer | | | | Paid within 30 days of Effective Date<br><br>Plan proposes NBC Bank will loan $64,281.47 and $250,882.56 to pay the 2800 Center and Northeast Plaza taxes<br><br>The 2700 & 2600 Center taxes shall be paid from the $179,000 held with the Tulsa County Court Clerk |
| | 2800 Center | $64,281.47 | No | Yes | |
| | 2700 & 2600 Centers | $68,794.43 | No | Yes | |
| | Northeast Plaza | $250,882.56 | No | Yes | |
| 10 | Secured Claim of NBC Bank<br><br>2006 Honda CRV | $3,540.20 | No | No | Paid within 30 days of Effective Date |

3.   *Unsecured Claims*

| Class No. | Description | Amount | Insider | Impairment | Treatment |
|---|---|---|---|---|---|
| 11 | 1122(b) Convenience Class | | | | Paid in 2 equal installments with the 1st payment 30 days after the Effective Date and the 2nd payment 60 days after the Effective Date |
| | Able Fire Systems | $3,000.00 | No | Yes | |
| | Home Depot CC | $2,807.51 | No | Yes | |
| | Palmer Supply | $2,698.81 | No | Yes | |
| | Associated Parts | $1,866.41 | No | Yes | |
| | Comm. Metals Co. | $1,535.63 | No | Yes | |
| | McIntosh, Inc. | $1,529.94 | No | Yes | |
| | Dell Preferred CC | $1,517.07 | No | Yes | |
| | Johnstone Supply | $1,296.85 | No | Yes | |
| | Pitney Bowes | $1,226.13 | No | Yes | |
| | Air Expert | $1,030.00 | No | Yes | |
| | Best Elect. Hardware | $1,009.65 | No | Yes | |
| | Locke Supply | $980.62 | No | Yes | |
| | Certified Labs | $956.28 | No | Yes | |
| | Tropical Plant Design | $886.22 | No | Yes | |
| | Wright Express Fin. | $874.04 | No | Yes | |
| | Lowe's (GE Money) | $777.62 | No | Yes | |
| | NAIOP | $644.00 | No | Yes | |
| | Serv. & Equip. Intl. | $611.48 | No | Yes | |
| | Dyer Glass | $600.00 | No | Yes | |
| | A&D Supply | $543.80 | No | Yes | |
| | IRS | $477.77 | No | Yes | |
| | Scents Plus | $469.00 | No | Yes | |
| | BESCO | $466.08 | No | Yes | |
| | Am. Leak Detection | $375.00 | No | Yes | |
| | Fleetmaster | $366.39 | No | Yes | |
| | Fergueson Enterprises | $183.97 | No | Yes | |
| | Cintas Corp. | $166.94 | No | Yes | |
| | SMAC Comm. | $160.00 | No | Yes | |
| | Audiomatrix | $105.00 | No | Yes | |
| | Kelly Moore Paint | $65.71 | No | Yes | |

| Class No. | Description | Amount | Insider | Impairment | Treatment |
|---|---|---|---|---|---|
| 12 | General Unsecured Class | | | | Paid in 120 monthly installments beginning 30 days after the Effective Date |
| | Dru Graham | $180,480.72 | Yes | Yes | |
| | Ed Behnken | $110,000.00 | No | Yes | |
| | Triad Bank | $0.00 | No | Yes | |
| | Lighting, Inc. | $46,913.95 | No | Yes | |
| | Quest Elevator | 40,384.80 | No | Yes | |
| | Mark W. Swadener | $0.00 | Yes | Yes | |
| | Graham Commercial | $29,936.64 | No | Yes | |
| | Redlee, SCS | $27,695.81 | No | Yes | |
| | Hall Estill | $26,880.00 | No | Yes | |
| | Cowan Landscape | 13,252.40 | No | Yes | |
| | Bank of America CC | $12,338.22 | No | Yes | |
| | Source One Janitorial | $10,984.98 | No | Yes | |
| | AEP | $7,103.73 | No | Yes | |
| | American Express | $5,016.56 | No | Yes | |
| | Ikon Fin. Services | $4,341.12 | No | Yes | |

4.  *Equity Interest*

| Class No. | Description | Impairment | Treatment |
|---|---|---|---|
| 13 | Equity Interest Holders | | |
| | Mark W. Swadener (99%) | No | Retain Interest |
| | Dru Graham (1%) | No | Retain Interest |

D.  Means of Implementing the Plan

The source of payments under the Plan will be funded by the cash flow generated from the rents paid to the Debtor by tenants of its commercial office buildings and retail center.

Mark W. Swadener will continue to manage the Debtor and his annual salary will be $50,000.00. In addition, to managing the properties, Mark W. Swadener also acts as leasing agent so that commissions are only limited and payable to the extent of necessary and outside brokerage services.

Dru Graham will continue to perform her duties as chief financial officer, and her annual salary is $78,897.00.

14

E.      Risk Factors

There is the risk that leasing of the properties takes longer than expected which would negatively affect the Debtor's ability to make Plan payments. However, based upon the payment agreements with the Debtor's secured creditors, past performances in renting these properties, and the completion of the Interstate 44 project, the Debtor believes it will have sufficient cash flow to make the Plan payments.

F.      Executory Contracts, Unexpired Leases and Disputed Claims

All executory contracts and unexpired leases have been assumed by prior Bankruptcy Court order. No executory contracts or unexpired leases were rejected during the pendency of the case. To the extent there are other executory contracts and unexpired leases, those executory contracts and unexpired leases shall be deemed rejected by the Debtor unless: (a) expressly assumed by the Debtor with Bankruptcy Court approval on or before the Effective Date; or (b) subject to a motion to assume pending on the Effective Date.

The other party to an executory contract or unexpired lease that has been rejected may file a proof of claim with respect to the claim for damages by reason of the rejection. Any proof of claim with respect to claims under an executory contract or unexpired lease that has been rejected must be filed within 30 days after the Effective Date. A claim resulting from rejection of an executory contract or unexpired lease shall constitute a class 12 Claim to the extent it is allowed by the Bankruptcy Court.

The Debtor may object to the allowance of claims filed with the Bankruptcy Court or appearing in the Debtor's Schedules of Assets and Liabilities. Objections will be litigated to a final order; however, the Debtor may compromise and settle any objections to claims, subject to the approval of the Bankruptcy Court, and may seek estimation of disputed claims pursuant to 11 U.S.C. Section 502(c), which permits estimation of any contingent or unliquidated claim, the fixing or liquidation of which would unduly delay the administration of this case.

G.      Means for Execution of the Plan.

Except as otherwise provided in the Plan, on the Effective Date all of the Debtor's assets shall vest in Debtor free and clear of all liens, claims, encumbrances and interests, but subject to the rights of holders of allowed claims to obtain distributions provided in the Plan. The Debtor shall administer its business and property from and after the Effective Date.

The Debtor shall be responsible: (a) for making the distributions in accordance with the Plan; and (b) for the affairs of the Debtor from and after the Effective Date.

From and after the Effective Date, the Debtor may retain such personnel or professionals (including, without limitation, legal counsel, financial advisors or other agents) as it deems appropriate, and compensate such professionals without prior approval of the Bankruptcy Court.

However, all parties seeking payment of reimbursement of attorneys', accountant, or other professionals' fees incurred from and after the Petition Date through the Effective Date, pursuant to any provision of the Bankruptcy Code or the Plan, must obtain approval of the Bankruptcy Court for such payment pursuant to a motion or application for such payment filed not later than 30 days after the Effective Date.

H.      Cancellation of Notes and Instruments.

On the Effective Date, the respective rights and obligations of the Debtor and each holder of a claim existing as of the Effective Date shall be terminated and canceled except to the extent of a right to receive a distribution under the Plan.

I.      Preservation of Rights of Action.

Except as otherwise provided in the Plan, or in any contract, instrument, release, or other agreement entered into in connection with the Plan, in accordance with 11 U.S.C. Section 1123(b), the Debtor shall retain including without limitation, all rights under 11 U.S.C. Sections 329, 510, and 544 through 550 inclusive.  The Debtor may, in its sole discretion, pursue or refrain from pursuing those rights or causes of action, as appropriate, in accordance with what is in its best interests.

J.      Distribution of Property Under the Plan.

The Debtor shall make all distributions under the Plan. The Debtor shall have the authority to make such interim distributions as it may determine to be appropriate pending a final distribution.   The Debtor shall hold sufficient funds in reserve for distribution to holders of claims to which an objection has been filed.

K.      Delivery of Distributions.

Distributions to holders of allowed claims shall be distributed by mail as follows: (a) at the addresses set forth on the respective proofs of claim filed by such claimant; (b) at the addresses set forth in any written notices of address changes delivered to the Debtor after the date of any related proof of claim; or (c) at the address reflected on the Debtor's Schedules of Assets and Liabilities if no proof of claim is filed and the Debtor has not received a written notice of change of address.

L.      Tax Consequences of the Plan.

In connection with the Plan, to the extent applicable, the Debtor shall comply with all withholding and reporting requirements imposed on it by any governmental unit, and all distributions pursuant to the Plan shall be subject to such withholding and reporting requirements.

**Creditors and the equity interest holder concerned with how the Plan may affect their tax liability should consult with their own accountants, attorneys, and/or advisors.**

M.     Setoffs.

The Debtor may, but shall not be required to, set off against any allowed claim, claims of any nature that the Debtor may have against the holder of such allowed claim; provided, however, that neither the failure to effect such a setoff nor the allowance of any claim against the Debtor shall constitute a waiver or release by the Debtor of any claim that the Debtor may possess against such holder.

N.     Other Documents and Actions.

The Debtor may execute such documents and take such other action as is necessary to effectuate the transactions provided for in the Plan.

O.     Effects of Confirmation.

    1.     Discharge

Upon the Effective Date, the provisions of the Plan shall bind the Debtor and all holders of claims and the equity interest holder, whether or not they are impaired or have accepted the Plan. The Plan also provides that all property of the estate vests in the Debtor. The Plan also provides that the Debtor shall be discharged from all claims that arose before the Effective Date, subject to the terms of the Plan. In addition, the distribution shall be in exchange for and in complete satisfaction, discharge and release of all claims that creditors may have against the Debtor under the Plan, or any of their assets or properties, and any such creditor shall be precluded from asserting against the Debtor any of its assets any other or further claims based on any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date.

    2.     Retention of Jurisdiction

The Bankruptcy Court shall retain general jurisdiction of this case until the closing of this case, for at least the following purposes:

- ■ The classification of the claim of any creditors, the re-examination of claims which have been estimated for purposes of voting, and the determination of such objections as may be filed to creditors' claims. The estimation or failure by the Debtor to object to or to examine any claim for the purpose of voting, shall not be deemed to be a waiver of the Debtor's right to object to, or re-examine the claim in whole or in part as to the allowability for payment.

- ■ The determination of any rejection, assumption or assumption and assignment of any

executory contract or unexpired lease, to hear and determine, and, if need be, to liquidate any and all Claims arising therefrom, and to adjudicate any other issues.

- ▓ The determination of applications, adversary proceedings and contested matters that may be pending within 30 days of the Effective Date.

- ▓ The determination of all questions and disputes regarding title to the assets of the estate, and determination of all causes of action, controversies, disputes or conflicts, whether or not subject to action pending as of the date of confirmation, between the Debtor and any other party, including, but not limited to, any right of the Debtor to recover assets pursuant to the provisions of Title 11 of the United States Code.

- ▓ The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in this Plan or in the Order confirming the Plan as may be necessary to carry out the purposes and intent of this Plan.

- ▓ The modification of this Plan after confirmation pursuant to the Bankruptcy Rules and Title 11 of the United States Code.

- ▓ The enforcement and interpretation of the terms and conditions of this Plan.

- ▓ The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor made under the Bankruptcy Code and under this Plan, and the imposition of such limitations, restrictions, terms and conditions of such title, rights and powers as this Bankruptcy Court may deem necessary.

- ▓ The entry of an order concluding and terminating this case.

- ▓ The determination of applications for allowances of compensation and reimbursement of expense and reasonableness of any fees and expenses authorized to be paid or reimbursed under the Bankruptcy Code or the Plan.

- ▓ The Bankruptcy Court shall retain jurisdiction of all parties until the Plan has been fully implemented and the case closed.

P.      Modification of the Plan.

This Plan may be amended or modified by the Debtor at any time prior to the confirmation of the Plan upon such notice as the Court may require. After confirmation of the Plan, the Debtor may also seek to modify the Plan at any time only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modification after notice and a hearing.

Q.    Lien Releases.

Upon receipt of the sums provided for in this Plan to satisfy their respective secured claims, holders of secured claims shall be obliged to provide releases of all liens, mortgages, and security interests held or claimed by them against property of the estate.

R.    Final Decree

Once the estate has been fully administered, as provided in Fed.R.Bankr.P. 3022, the Debtor shall file a motion with the Court to obtain a final decree to close the case.  Alternatively, the Court may enter such a final decree on its own motion.

## V. CONFIRMATION

To be confirmable, the Plan must meet the requirements listed in 11 U.S.C. Section 1129(a) or (b).  These include the requirements that the Plan must be proposed in good faith, at least one impaired class of claims must accept the Plan (not including vote of insiders), the Plan must distribute to each creditor and the equity interest holder at least as much as the creditor or equity interest holder would receive in a Chapter 7 liquidation case (unless the creditors or equity Interest holder votes to accept the Plan, and the Plan must be feasible.  These requirements are not the only requirements listed in 11 U.S.C. Section 1129, and they are not the only requirement for confirmation.

A.    Liquidation Analysis

To confirm the Plan, the Bankruptcy Court must find that all creditors and the equity interest holders who do not accept the Plan will receive at least as much under the Plan as such claim and the equity interest holder would receive in a Chapter 7 liquidation.  A liquidation analysis is attached to this Disclosure Statement as Exhibit "B".

B.    Feasibility

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor, unless liquidation or further reorganization is proposed in the Plan.

The Debtor believes that it will have enough cash on hand on the Effective Date of the Plan to pay all claims and expenses that are entitled to be paid on that date.  As of June 30, 2011, there was $169,980.45 cash on hand and it is anticipated that the cash on hand on the Effective Date will be more than $200,000.00 which is more than enough to pay those claims and expenses due on the Effective Date.

The Debtor must also show that it will have enough cash over the life of the Plan to make

the required Plan payments.  As set forth in the Debtor's projected financial information (Exhibit "A"), there will be sufficient monthly and annual cash flow to make the required Plan payments.

All properties owned by the Debtor are listed for sale.  If a property is sold, all proceeds shall be applied first to the secured claims then to unsecured claims.

## VI. ALTERNATIVES TO CONFIRMATION AND CONSUMMATION OF THE PLAN

If the Plan is not confirmed, an alternative plan of reorganization or liquidation could be filed, a Trustee could be appointed, this case could be dismissed, or the case could be converted to Chapter 7.

**ALTHOUGH THE DESCRIBED ALTERNATIVES TO THE PLAN EXIST, CREDITORS ARE CAUTIONED THAT THEIR VOTE MUST BE EITHER FOR OR AGAINST THE PLAN.  A VOTE ON THE PLAN DOES NOT INCLUDE A VOTE ON ALTERNATIVES TO THE PLAN.  THERE IS NO ASSURANCE WHAT TURN THE PROCEEDINGS WILL TAKE IF THE PLAN FAILS TO BE ACCEPTED.  IF YOU BELIEVE ONE OF THE ALTERNATIVES REFERRED TO IS PREFERABLE TO THE PLAN AND YOU WISH TO URGE IT UPON THE COURT, YOU SHOULD CONSULT COUNSEL.**

## VII. MISCELLANEOUS

**THIS DISCLOSURE STATEMENT MAY NOT BE RELIED UPON FOR ANY PURPOSE OTHER THAN HOW TO VOTE ON THE PLAN.  NOTHING CONTAINED IN THIS DISCLOSURE STATEMENT SHALL CONSTITUTE AN ADMISSION OF ANY FACT OR BE ADMISSIBLE IN ANY PROCEEDING INVOLVING THE DEBTOR.**

The statements contained in this Disclosure Statement are made as of July 31, 2011 unless otherwise indicated.  The information contained in this Disclosure Statement may be rendered inaccurate by events occurring after its date.

Dated this 15th day of August, 2011.

RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS

*Scott P. Kirtley*

Scott P. Kirtley   OBA #11388
502 W. 6th Street
Tulsa, Oklahoma 74119
(918) 587-3161
(918) 587-9708 (fax)
Attorneys for Swadener Investment Properties, LLC

20

Estimated Budget Nov 2011
Swadener Investment Properties, LLC

| | 2600Ctr | 2700Ctr | Rem | 2800Ctr | NEPlaza | SIP Total |
|---|---|---|---|---|---|---|
| Revenue | 8,460.12 | 5,118.00 | 50,328.58 | 15,536.33 | 33,313.78 | 112,756.81 |
| | | | | | | |
| Payroll 11/11/11 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 11/25/11 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| PSO | 1,850.00 | 800.00 | 9,500.00 | 2,500.00 | 500.00 | 15,150.00 |
| ONG/Okla Energy | | | 2,100.00 | | | 2,100.00 |
| COT | 525.00 | 200.00 | 800.00 | 700.00 | 200.00 | 2,425.00 |
| Travelers | 600.00 | 600.00 | 626.00 | 600.00 | 600.00 | 3,026.00 |
| Aetna | 410.00 | 410.00 | 410.00 | 410.00 | 410.00 | 2,050.00 |
| Witt-Remington land lease | | | 10,800.00 | | | 10,800.00 |
| Stonetrust-WC | 150.00 | 150.00 | 150.00 | | 150.00 | 750.00 |
| Redlee Janitorial | 700.00 | 550.00 | 3,000.00 | 1,250.00 | | 5,500.00 |
| Sonitrol/Stanley Security | 0.00 | 0.00 | 310.00 | 0.00 | | 310.00 |
| LD Container Svs | 95.00 | 95.00 | | 95.00 | - | 285.00 |
| National Waste | | | 175.00 | | | 175.00 |
| Answer Phone | | | 100.00 | | | 100.00 |
| ATT | | | 498.00 | | | 498.00 |
| Ikon (copier) | | | | | | 0.00 |
| Pitney Bowes Equipment | | | | | | 0.00 |
| TPD (plant lease) | 92.54 | 65.65 | 81.39 | 97.50 | | 337.08 |
| Pest control | | | 250.00 | | | 250.00 |
| Cowan Landscape | 470.00 | 470.00 | 600.00 | 520.00 | 400.00 | 2,460.00 |
| Air Expert | 30.00 | 30.00 | 150.00 | 45.00 | 0.00 | 255.00 |
| Certified Labs (hvac) | | | 320.09 | | | 320.09 |
| Mac Fire Systems | | | 162.00 | | | 162.00 |
| Quest Elevator | | | 1,833.40 | | | 1,833.40 |
| John Todd-2600 land lease | 2,761.00 | | | | | 2,761.00 |
| Yardi software fee (annual) | | | | | | 0.00 |
| Cox | | | | | | 0.00 |
| Cintas | | | 25.00 | | | 25.00 |
| Office Supplies | | | | | | 0.00 |
| Audiomatrix | | | | 105.00 | | 105.00 |
| Nobox (website fee) | | | 15.00 | | | 15.00 |
| Court fees estimate | | | | | 0.00 | 0.00 |
| Lincoln National Life Insurance | | | 812.00 | | | 812.00 |
| Professional Dues (broker's lic) | | | 570.00 | | | 570.00 |
| Auto Fuel | | | 150.00 | | | 150.00 |
| Postage | | | 250.00 | | | 250.00 |
| Payroll reporting fees | | | 180.00 | | | 180.00 |
| Legal Fees | | | 500.00 | | | 500.00 |
| Maintenance petty cash | | | 100.00 | | | 100.00 |
| Auto Maintenance | | | | | 50.00 | 50.00 |
| Maintenance uniforms | | | | | | 0.00 |
| HVAC Maintenance | 200.00 | 200.00 | 1,000.00 | 500.00 | 0.00 | 1,900.00 |
| Plumbing Repair | 0.00 | 0.00 | 100.00 | 50.00 | 50.00 | 200.00 |
| Electrical Maintenance/Repair | 0.00 | | | | 0.00 | 0.00 |
| General Maintenance/Repairs | 200.00 | 100.00 | 1,000.00 | 750.00 | 500.00 | 2,550.00 |
| Tenant Improvements | | | 0.00 | 0.00 | | 0.00 |
| Fire Systems Repair | | | | | | 0.00 |
| Fire Systems Inspections | | | | | | 0.00 |
| Snow Removal | | | | | | 0.00 |
| Roof repairs | | | | | 0.00 | 0.00 |
| | | | | | | |
| Total | 8,083.54 | 3,670.65 | 40,467.88 | 10,572.50 | 14,560.00 | 77,354.57 |
| | | | | | | |
| Net Totals | 376.58 | 1,447.35 | 9,860.70 | 4,963.83 | 18,753.78 | 35,402.24 |
| | | | | | | |
| Less Unsecureds | 860.00 | 860.00 | 860.00 | - | 1,720.00 | 4,300.00 |
| Less Regent Bank | 1,000.00 | | | | | 1,000.00 |
| Less Triad Bank | | | | | | - |
| Less Ed Behnken | | | | | | - |
| Less Ray Bagwell | | | | | 2,500.00 | 2,500.00 |
| Mtg pmts | - | | 12,000.00 | 3,791.00 | 10,650.00 | 26,441.00 |



EXHIBIT

tabbies

A

Estimated Budget Dec 2011
Swadener Investment Properties, LLC

| | 2600 Ctr | 2700Ctr | Rem | 2800Ctr | NEPlaza | SIP Total |
|---|---|---|---|---|---|---|
| Revenue | 8,460.12 | 5,118.00 | 50,328.58 | 15,536.33 | 33,313.78 | 112,756.81 |
| | | | | | | |
| Payroll 12/9/11 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 12/23/2011 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| PSO | 3,800.00 | 1,800.00 | 9,900.00 | 4,200.00 | 550.00 | 20,250.00 |
| ONG/Okla Energy | | | 5,100.00 | | | 5,100.00 |
| COT | 525.00 | 200.00 | 800.00 | 800.00 | 300.00 | 2,625.00 |
| Travelers | 600.00 | 600.00 | 626.00 | 600.00 | 600.00 | 3,026.00 |
| Aetna | 410.00 | 410.00 | 410.00 | 410.00 | 410.00 | 2,050.00 |
| Witt-Remington land lease | | | 10,800.00 | | | 10,800.00 |
| Stonetrust-WC | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| Redlee Janitorial | 700.00 | 530.00 | 3,000.00 | 1,250.00 | 0.00 | 5,480.00 |
| Sonitrol/Stanley Security | 0.00 | 0.00 | 310.00 | 0.00 | 0.00 | 310.00 |
| LD Container Svs | 95.00 | 95.00 | | 95.00 | - | 285.00 |
| National Waste | | | 175.00 | | | 175.00 |
| Answer Phone | | | 100.00 | | | 100.00 |
| ATT | | | 498.00 | | | 498.00 |
| Ikon (copier) | | | | | | 0.00 |
| Pitney Bowes Equipment | | | | | | 0.00 |
| TPD (plant lease) | 92.54 | 65.65 | 81.39 | 97.50 | | 337.08 |
| Pest control | | | 250.00 | | | 250.00 |
| Cowan Landscape | 470.00 | 470.00 | 600.00 | 520.00 | 400.00 | 2,460.00 |
| Air Expert | 30.00 | 30.00 | 150.00 | 45.00 | 0.00 | 255.00 |
| Certified Labs (hvac) | | | 320.09 | | | 320.09 |
| Mac Fire Systems | | | 162.00 | | | 162.00 |
| Quest Elevator | | | 1,833.40 | | | 1,833.40 |
| John Todd-2600 land lease | 2,761.00 | | | | | 2,761.00 |
| Yardi software fee (annual) | | | | | | 0.00 |
| Cox | | | | | | 0.00 |
| Cintas | | | 25.00 | | | 25.00 |
| Office Supplies | | | | | | 0.00 |
| Audiomatrix | | | | 105.00 | | 105.00 |
| Nobox (website fee) | | | 15.00 | | | 15.00 |
| Court fees estimate | | | | | 0.00 | 0.00 |
| Kansas City Life | | | 435.00 | | | 435.00 |
| Professional Dues (broker's lic) | | | 570.00 | | | 570.00 |
| Auto Fuel | | | 150.00 | | | 150.00 |
| Postage | | | 250.00 | | | 250.00 |
| Payroll reporting fees | | | 180.00 | | | 180.00 |
| Legal Fees | | | 500.00 | | | 500.00 |
| Maintenance petty cash | | | 100.00 | | | 100.00 |
| Auto Maintenance | | | | | 50.00 | 50.00 |
| Maintenance uniforms | | | | | 0.00 | 0.00 |
| HVAC Maintenance | 200.00 | 100.00 | 1,000.00 | 150.00 | 0.00 | 1,450.00 |
| Plumbing Repair | 0.00 | 0.00 | 100.00 | 50.00 | 50.00 | 200.00 |
| Electrical Maintenance/Repair | | | | | 0.00 | 0.00 |
| General Maintenance/Repairs | 100.00 | 100.00 | 1,000.00 | 300.00 | 500.00 | 2,000.00 |
| Tenant Improvements | | | | 0.00 | 0.00 | 0.00 |
| Fire Systems Repair | | | | | | 0.00 |
| Fire Systems Inspections | | | | | | 0.00 |
| Snow Removal | | | | | | 0.00 |
| Roof repairs | | | | | 0.00 | 0.00 |
| | | | | | | |
| Total | 9,933.54 | 4,550.65 | 43,490.88 | 11,572.50 | 14,710.00 | 84,257.57 |
| | | | | | | |
| Net Totals | -1,473.42 | 567.35 | 6,837.70 | 3,963.83 | 18,603.78 | 28,499.24 |
| | | | | | | |
| Less Unsecureds | 860.00 | 860.00 | 860.00 | - | 1,720.00 | 4,300.00 |
| Less Regent Bank | 1,000.00 | | | | | 1,000.00 |
| Less Triad Bank | | | | | | - |
| Less Ed Behnken | | | | | | - |
| Less Ray Bagwell | | | | | 2,500.00 | 2,500.00 |
| Mtg pmts | | - | 12,000.00 | 3,791.00 | 10,650.00 | 26,441.00 |

Estimated Budget Jan 2012
Swadener Investment Properties, LLC

| | 2600 Ctr | 2700Ctr | Rem | 2800Ctr | NEPlaza | SIP Total |
|---|---|---|---|---|---|---|
| Revenue | 8,460.12 | 5,118.00 | 50,328.58 | 15,536.33 | 33,313.78 | 112,756.81 |
| | | | | | | |
| Payroll 1/6/12 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 1/20/12 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| PSO | 5,200.00 | 2,200.00 | 11,800.00 | 5,500.00 | 350.00 | 25,050.00 |
| ONG/Okla Energy | | | 7,000.00 | | | 7,000.00 |
| COT | 525.00 | 200.00 | 1,900.00 | 800.00 | 300.00 | 3,725.00 |
| Travelers | 600.00 | 600.00 | 626.00 | 600.00 | 600.00 | 3,026.00 |
| Aetna | 410.00 | 410.00 | 410.00 | 410.00 | 410.00 | 2,050.00 |
| Witt-Remington land lease | | | 10,800.00 | | | 10,800.00 |
| Stonetrust-WC | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| Redlee Janitorial | 700.00 | 530.00 | 3,000.00 | 1,250.00 | 0.00 | 5,480.00 |
| Sonitrol/Stanley Security | 0.00 | 0.00 | 310.00 | 0.00 | 0.00 | 310.00 |
| LD Container Svs | 95.00 | 95.00 | | 95.00 | - | 285.00 |
| National Waste | | | 175.00 | | | 175.00 |
| Answer Phone | | | 100.00 | | | 100.00 |
| ATT | | | 498.00 | | | 498.00 |
| Ikon (copier) | | | | | | 0.00 |
| Pitney Bowes Equipment | | | | | | 0.00 |
| TPD (plant lease) | 92.54 | 65.65 | 81.39 | 97.50 | | 337.08 |
| Pest control | | | 250.00 | | | 250.00 |
| Cowan Landscape | 470.00 | 470.00 | 600.00 | 520.00 | 400.00 | 2,460.00 |
| Air Expert | 50.00 | 50.00 | 150.00 | 45.00 | 0.00 | 295.00 |
| Certified Labs (hvac) | | | 320.09 | | | 320.09 |
| Mac Fire Systems | | | 162.00 | | | 162.00 |
| Quest Elevator | | | 1,833.40 | | | 1,833.40 |
| John Todd-2600 land lease | 2,761.00 | | | | | 2,761.00 |
| Yardi software fee (annual) | | | | | | 0.00 |
| Cox | | | | | | 0.00 |
| Cintas | | | 25.00 | | | 25.00 |
| Office Supplies | | | | | | 0.00 |
| Audiomatrix | | | | 105.00 | | 105.00 |
| Nobox (website fee) | | | 15.00 | | | 15.00 |
| Court fees estimate | | | | | 0.00 | 0.00 |
| Lincoln National Life Insurance | | | 812.00 | | | 812.00 |
| Professional Dues (broker's lic) | | | 570.00 | | | 570.00 |
| Auto Fuel | | | 150.00 | | | 150.00 |
| Postage | | | 250.00 | | | 250.00 |
| Payroll reporting fees | | | 180.00 | | | 180.00 |
| Legal Fees | | | 500.00 | | | 500.00 |
| Maintenance petty cash | | | 100.00 | | | 100.00 |
| Auto Maintenance | | | | | 50.00 | 50.00 |
| Maintenance uniforms | | | | | 0.00 | 0.00 |
| HVAC Maintenance | 0.00 | 0.00 | 500.00 | 0.00 | 500.00 | 1,000.00 |
| Plumbing Repair | 0.00 | 0.00 | 50.00 | 0.00 | 0.00 | 50.00 |
| Electrical Maintenance/Repair | | | | | 0.00 | 0.00 |
| General Maintenance/Repairs | 0.00 | 0.00 | 1,000.00 | 0.00 | 1,000.00 | 2,000.00 |
| Tenant Improvements | | | 0.00 | 0.00 | 0.00 | 0.00 |
| Fire Systems Repair | | | | | | 0.00 |
| Fire Systems Inspections | | | | | | 0.00 |
| Snow Removal | | | | | | 0.00 |
| Roof repairs | | | | | 0.00 | 0.00 |
| | | | | | | |
| Total | 11,053.54 | 4,770.65 | 48,217.88 | 12,372.50 | 15,460.00 | 91,874.57 |
| | | | | | | |
| Net Totals | -2,593.42 | 347.35 | 2,110.70 | 3,163.83 | 17,853.78 | 20,882.24 |
| | | | | | | |
| Less Unsecureds | 860.00 | 860.00 | 860.00 | - | 1,720.00 | 4,300.00 |
| Less Regent Bank | 1,000.00 | | | | | 1,000.00 |
| Less Triad Bank | | | | | | - |
| Less Ed Behnken | | | | | | - |
| Less Ray Bagwell | | | | | 2,500.00 | 2,500.00 |
| Mtg pmts | | - | 12,000.00 | 3,791.00 | 10,650.00 | 26,441.00 |

Estimated Budget Feb 2012
Swadener Investment Properties, LLC

| | 2600 Ctr | 2700Ctr | Rem | 2800Ctr | NEPlaza | SIP Total |
|---|---|---|---|---|---|---|
| Revenue | 8,460.12 | 5,118.00 | 50,328.58 | 15,536.33 | 33,313.78 | 112,756.81 |
| | | | | | | |
| Payroll 2/3/12 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 2/17/2012 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| PSO | 5,500.00 | 1,800.00 | 11,800.00 | 4,500.00 | 350.00 | 23,950.00 |
| ONG/Okla Energy | | | 7,500.00 | | | 7,500.00 |
| COT | 525.00 | 200.00 | 1,900.00 | 700.00 | 250.00 | 3,575.00 |
| Travelers | 600.00 | 600.00 | 626.00 | 600.00 | 600.00 | 3,026.00 |
| Aetna | 410.00 | 410.00 | 410.00 | 410.00 | 410.00 | 2,050.00 |
| Witt-Remington land lease | | | 10,800.00 | | | 10,800.00 |
| Stonetrust-WC | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| Redlee Janitorial | 950.00 | 700.00 | 3,000.00 | 1,250.00 | 0.00 | 5,900.00 |
| Sonitrol/Stanley Security | 0.00 | 0.00 | 310.00 | 0.00 | 0.00 | 310.00 |
| LD Container Svs | 95.00 | 95.00 | | 95.00 | - | 285.00 |
| National Waste | | | 175.00 | | | 175.00 |
| Answer Phone | | | 100.00 | | | 100.00 |
| ATT | | | 498.00 | | | 498.00 |
| Ikon (copier) | | | | | | 0.00 |
| Pitney Bowes Equipment | | | | | | 0.00 |
| TPD (plant lease) | 92.54 | 65.65 | 81.39 | 97.50 | | 337.08 |
| Pest control | | | 250.00 | | | 250.00 |
| Cowan Landscape | 470.00 | 470.00 | 600.00 | 520.00 | 400.00 | 2,460.00 |
| Air Expert | 45.00 | 45.00 | 150.00 | 45.00 | 0.00 | 285.00 |
| Certified Labs (hvac) | | | 320.09 | | | 320.09 |
| Mac Fire Systems | | | 162.00 | | | 162.00 |
| Quest Elevator | | | 1,833.40 | | | 1,833.40 |
| John Todd-2600 land lease | 2,761.00 | | | | | 2,761.00 |
| Yardi software fee (annual) | | | | | | 0.00 |
| Cox | | | | | | 0.00 |
| Cintas | | | 25.00 | | | 25.00 |
| Office Supplies | | | | | | 0.00 |
| Audiomatrix | | | | 105.00 | | 105.00 |
| Nobox (website fee) | | | 15.00 | | | 15.00 |
| Court fees estimate | | | | | 0.00 | 0.00 |
| Lincoln National Life Insurance | | | 812.00 | | | 812.00 |
| Professional Dues (broker's lic) | | | 570.00 | | | 570.00 |
| Auto Fuel | | | 150.00 | | | 150.00 |
| Postage | | | 250.00 | | | 250.00 |
| Payroll reporting fees | | | 180.00 | | | 180.00 |
| Legal Fees | | | 500.00 | | | 500.00 |
| Maintenance petty cash | | | 100.00 | | | 100.00 |
| Auto Maintenance | | | | | 50.00 | 50.00 |
| Maintenance uniforms | | | | | 0.00 | 0.00 |
| HVAC Maintenance | 0.00 | 0.00 | 500.00 | 0.00 | 500.00 | 1,000.00 |
| Plumbing Repair | 0.00 | 0.00 | 200.00 | 0.00 | 0.00 | 200.00 |
| Electrical Maintenance/Repair | | | | | 0.00 | 0.00 |
| General Maintenance/Repairs | 0.00 | 0.00 | 1,000.00 | 0.00 | 1,000.00 | 2,000.00 |
| Tenant Improvements | | | | 0.00 | 0.00 | 0.00 |
| Fire Systems Repair | | | | | | 0.00 |
| Fire Systems Inspections | | | | | | 0.00 |
| Snow Removal | | | | | | 0.00 |
| Roof repairs | | | | | 0.00 | 0.00 |
| | | | | | | |
| Total | 11,598.54 | 4,535.65 | 48,867.88 | 11,272.50 | 15,410.00 | 91,684.57 |
| | | | | | | |
| Net Totals | -3,138.42 | 582.35 | 1,460.70 | 4,263.83 | 17,903.78 | 21,072.24 |
| | | | | | | |
| Less Unsecureds | 860.00 | 860.00 | 860.00 | - | 1,720.00 | 4,300.00 |
| Less Regent Bank | 1,000.00 | | | | | 1,000.00 |
| Less Triad Bank | | | | | | - |
| Less Ed Behnken | | | | | | - |
| Less Ray Bagwell | | | | | 2,500.00 | 2,500.00 |
| Mtg pmts | - | | 12,000.00 | 3,791.00 | 10,650.00 | 26,441.00 |

Estimated Budget Mar 2012
Swadener Investment Properties, LLC

| | 2600 Ctr | 2700Ctr | Rem | 2800Ctr | NEPlaza | SIP Total |
|---|---|---|---|---|---|---|
| Revenue | 8,460.12 | 5,118.00 | 50,328.58 | 15,536.33 | 33,313.78 | 112,756.81 |
| | | | | | | |
| Payroll 3/2/12 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 3/16/2012 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 3/30/12 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| PSO | 5,000.00 | 1,400.00 | 9,500.00 | 3,300.00 | 500.00 | 19,700.00 |
| ONG/Okla Energy | | | 6,000.00 | | | 6,000.00 |
| COT | 800.00 | 200.00 | 1,900.00 | 750.00 | 300.00 | 3,950.00 |
| Travelers | 600.00 | 600.00 | 626.00 | 600.00 | 600.00 | 3,026.00 |
| Aetna | 410.00 | 410.00 | 410.00 | 410.00 | 410.00 | 2,050.00 |
| Witt-Remington land lease | | | 10,800.00 | | | 10,800.00 |
| Stonetrust-WC | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| Redlee Janitorial | 950.00 | 700.00 | 3,000.00 | 1,250.00 | 0.00 | 5,900.00 |
| Sonitrol/Stanley Security | 0.00 | 0.00 | 310.00 | 0.00 | 0.00 | 310.00 |
| LD Container Svs | 95.00 | 95.00 | | 95.00 | - | 285.00 |
| National Waste | | | 175.00 | | | 175.00 |
| Answer Phone | | | 100.00 | | | 100.00 |
| ATT | | | 498.00 | | | 498.00 |
| Ikon (copier) | | | | | | 0.00 |
| Pitney Bowes Equipment | | | | | | 0.00 |
| TPD (plant lease) | 92.54 | 65.65 | 81.39 | 97.50 | | 337.08 |
| Pest control | | | 250.00 | | | 250.00 |
| Cowan Landscape | 470.00 | 470.00 | 600.00 | 520.00 | 400.00 | 2,460.00 |
| Air Expert | 45.00 | 45.00 | 150.00 | 45.00 | 0.00 | 285.00 |
| Certified Labs (hvac) | | | 320.09 | | | 320.09 |
| Mac Fire Systems | | | 162.00 | | | 162.00 |
| Quest Elevator | | | 1,833.40 | | | 1,833.40 |
| John Todd-2600 land lease | 2,761.00 | | | | | 2,761.00 |
| Yardi software fee (annual) | | | | | | 0.00 |
| Cox | | | | | | 0.00 |
| Cintas | | | 25.00 | | | 25.00 |
| Office Supplies | | | | | | 0.00 |
| Audiomatrix | | | | 105.00 | | 105.00 |
| Nobox (website fee) | | | 15.00 | | | 15.00 |
| Court fees estimate | | | | | 0.00 | 0.00 |
| Lincoln National Life Insurance | | | 812.00 | | | 812.00 |
| Professional Dues (broker's lic) | | | 570.00 | | | 570.00 |
| Auto Fuel | | | 150.00 | | | 150.00 |
| Postage | | | 250.00 | | | 250.00 |
| Payroll reporting fees | | | 180.00 | | | 180.00 |
| Legal Fees | | | 500.00 | | | 500.00 |
| Maintenance petty cash | | | 100.00 | | | 100.00 |
| Auto Maintenance | | | | | 50.00 | 50.00 |
| Maintenance uniforms | | | | | 0.00 | 0.00 |
| HVAC Maintenance | 0.00 | 0.00 | 500.00 | 0.00 | 500.00 | 1,000.00 |
| Plumbing Repair | 0.00 | 0.00 | 200.00 | 0.00 | 0.00 | 200.00 |
| Electrical Maintenance/Repair | | | | | 0.00 | 0.00 |
| General Maintenance/Repairs | 0.00 | 0.00 | 1,000.00 | 0.00 | 1,000.00 | 2,000.00 |
| Tenant Improvements | | | 0.00 | 0.00 | 0.00 | 0.00 |
| Fire Systems Repair | | | | | | 0.00 |
| Fire Systems Inspections | | | | | | 0.00 |
| Snow Removal | | | | | | 0.00 |
| Roof repairs | | | | | 0.00 | 0.00 |
| | | | | | | |
| Total | 11,373.54 | 4,135.65 | 47,017.88 | 11,522.50 | 21,460.00 | 95,509.57 |
| | | | | | | |
| Net Totals | -2,913.42 | 982.35 | 3,310.70 | 4,013.83 | 11,853.78 | 17,247.24 |
| | | | | | | |
| Less Unsecureds | 860.00 | 860.00 | 860.00 | - | 1,720.00 | 4,300.00 |
| Less Regent Bank | 1,000.00 | | | | | 1,000.00 |
| Less Triad Bank | | | | | | - |
| Less Ed Behnken | | | | | | - |
| Less Ray Bagwell | | | | | 2,500.00 | 2,500.00 |
| Mtg pmts | - | | 12,000.00 | 3,791.00 | 10,650.00 | 26,441.00 |

Estimated Budget Apr 2012

Swadener Investment Properties, LLC

| | 2600 Ctr | 2700Ctr | Rem | 2800Ctr | NEPlaza | SIP Total |
|---|---|---|---|---|---|---|
| Revenue | 8,460.12 | 5,118.00 | 50,328.58 | 15,536.33 | 33,313.78 | 112,756.81 |
| | | | | | | |
| Payroll 4/13/12 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| Payroll 4/27/2012 | | | 1,950.00 | 1,400.00 | 5,850.00 | 9,200.00 |
| PSO | 3,500.00 | 1,300.00 | 11,800.00 | 3,300.00 | 500.00 | 20,400.00 |
| ONG/Okla Energy | | | 1,000.00 | | | 1,000.00 |
| COT | 525.00 | 200.00 | 1,500.00 | 750.00 | 300.00 | 3,275.00 |
| Travelers | 600.00 | 600.00 | 626.00 | 600.00 | 600.00 | 3,026.00 |
| Aetna | 410.00 | 410.00 | 410.00 | 410.00 | 410.00 | 2,050.00 |
| Witt-Remington land lease | | | 10,800.00 | | | 10,800.00 |
| Stonetrust-WC | 150.00 | 150.00 | 150.00 | 150.00 | 150.00 | 750.00 |
| Redlee Janitorial | 950.00 | 700.00 | 3,000.00 | 1,250.00 | 0.00 | 5,900.00 |
| Sonitrol/Stanley Security | 0.00 | 0.00 | 310.00 | 0.00 | | 310.00 |
| LD Container Svs | 95.00 | 95.00 | | 95.00 | - | 285.00 |
| National Waste | | | 175.00 | | | 175.00 |
| Answer Phone | | | 100.00 | | | 100.00 |
| ATT | | | 498.00 | | | 498.00 |
| Ikon (copier) | | | | | | 0.00 |
| Pitney Bowes Equipment | | | | | | 0.00 |
| TPD (plant lease) | 92.54 | 65.65 | 81.39 | 97.50 | | 337.08 |
| Pest control | | | 250.00 | | | 250.00 |
| Cowan Landscape | 470.00 | 470.00 | 600.00 | 520.00 | 400.00 | 2,460.00 |
| Air Expert | 45.00 | 45.00 | 150.00 | 45.00 | 0.00 | 285.00 |
| Certified Labs (hvac) | | | 320.09 | | | 320.09 |
| Mac Fire Systems | | | 162.00 | | | 162.00 |
| Quest Elevator | | | 1,833.40 | | | 1,833.40 |
| John Todd-2600 land lease | 2,761.00 | | | | | 2,761.00 |
| Yardi software fee (annual) | | | | | | 0.00 |
| Cox | | | | | | 0.00 |
| Cintas | | | 25.00 | | | 25.00 |
| Office Supplies | | | | | | 0.00 |
| Audiomatrix | | | | 105.00 | | 105.00 |
| Nobox (website fee) | | | 15.00 | | | 15.00 |
| Court fees estimate | | | | | 0.00 | 0.00 |
| Lincoln National Life Insurance | | | 812.00 | | | 812.00 |
| Professional Dues (broker's lic) | | | 570.00 | | | 570.00 |
| Auto Fuel | | | 150.00 | | | 150.00 |
| Postage | | | 250.00 | | | 250.00 |
| Payroll reporting fees | | | 180.00 | | | 180.00 |
| Legal Fees | | | 500.00 | | | 500.00 |
| Maintenance petty cash | | | 100.00 | | | 100.00 |
| Auto Maintenance | | | | | 50.00 | 50.00 |
| Maintenance uniforms | | | | | 0.00 | 0.00 |
| HVAC Maintenance | 0.00 | 0.00 | 500.00 | 0.00 | 500.00 | 1,000.00 |
| Plumbing Repair | 0.00 | 0.00 | 200.00 | 0.00 | 0.00 | 200.00 |
| Electrical Maintenance/Repair | | | | | 0.00 | 0.00 |
| General Maintenance/Repairs | 0.00 | 0.00 | 1,000.00 | 0.00 | 1,000.00 | 2,000.00 |
| Tenant Improvements | | | 0.00 | 0.00 | 0.00 | 0.00 |
| Fire Systems Repair | | | | | | 0.00 |
| Fire Systems Inspections | | | | | | 0.00 |
| Snow Removal | | | | | | 0.00 |
| Roof repairs | | | | | 0.00 | 0.00 |
| | | | | | | |
| Total | 9,598.54 | 4,035.65 | 41,967.88 | 10,122.50 | 15,610.00 | 81,334.57 |
| | | | | | | |
| Net Totals | -1,138.42 | 1,082.35 | 8,360.70 | 5,413.83 | 17,703.78 | 31,422.24 |
| | | | | | | |
| Less Unsecureds | 860.00 | 860.00 | 860.00 | - | 1,720.00 | 4,300.00 |
| Less Regent Bank | 1,000.00 | | | | | 1,000.00 |
| Less Triad Bank | | | | | | - |
| Less Ed Behnken | | | | | | - |
| Less Ray Bagwell | | | | | 2,500.00 | 2,500.00 |
| Mtg pmts | - | | 12,000.00 | 3,791.00 | 10,650.00 | 26,441.00 |

SWADENER INVESTMENT PROPERTIES, LLC
Liquidation Analysis

| Asset | Scheduled Value | Estimated Fair Market Sale Price | Costs of Sale | Secured Claim | Ch. 11/7 Costs Priority Claims | Equity |
|---|---|---|---|---|---|---|
| Remington Tower | $6,000,000.00 | $5,100,000.00 | $255,000.00 | $4,592,191.33 (plus $500,000.00 additional collateral | $41,223.18 | $211,585.49 |
| 2800 Center | $1,988,500.00 | $1,690,225.00 | $84,511.25 | $1,390,517.37 | $41,223.18 | $173,973.20 |
| 2700/2600 Center | $2,824,000.00 | $2,400,400.00 | $120,020.00 | $2,121,675.92 | $41,223.18 | $117,480.90 |
| NE Plaza | $3,656,900.00 | $3,680,000.00 | $145,000.00 | $3,473,113.04 | $41,223.18 | $20,663.78 |
| 2006 Honda | $12,675.00 | $9,000.00 | $1,350.00 | $3,540.20 | $0.00 | $4,109.80 |
| Cash | $237.55 | $200,000.00 | $0.00 | $0.00 | $0.00 | $200,000.00 |
| Deposits | $46,690.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Rents (A/R) | $64,492.61 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| Condemnation Award | $179,200.00 | $179,200.00 | $0.00 | Pledged to mortgagees | $0.00 | $179,000.00 |
| Condemnation Claim | $0.00 | $unknown | $unknown | Pledged to mortgagees | $0.00 | $unknown |
| White '04 4Runner | $7,015.00 | $5,000.00 | $750.00 | $0.00 | $0.00 | $4,250.00 |
| Black '04 4Runner | $7,015.00 | $5,000.00 | $750.00 | $0.00 | $0.00 | $4,250.00 |
| 2002 Honda | $5,175.00 | $3,000.00 | $450.00 | $0.00 | $0.00 | $2,550.00 |
| Equip. Trailer | $500.00 | $500.00 | $75.00 | $0.00 | $0.00 | $425.00 |
| Office Furniture | $2,000.00 | $2,000.00 | $300.00 | $0.00 | $0.00 | $1,700.00 |
| Maintenance Equip. | $2,000.00 | $2,000.00 | $300.00 | $0.00 | $0.00 | $1,700.00 |
| | | | | | Total: | $921,688.17 |
| | | | | | Unsecured Claims: | $544,558.32 |
| | | | | | Equity: | $377,129.85 |

Disclaimer: Sale price of properties would be less in a Chapter 7 liquidation.  The Estimated Fair Market Sale Price is not an offer of sale.

EXHIBIT

tabbies

B