IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Aug 16, 2011

IN RE:                                         )
                                               )
Swadener Investment Properties, LLC.,          )    Case No. 11-10322-M
                                               )    Chapter 11
                                               )
                                               )
          Debtor-in-Possession.                )

### ORDER AUTHORIZING POST PETITION AND
### SUPER-PRIORITY INDEBTEDNESS FROM VALLEY NATIONAL BANK

This Court, after review and consideration of the Motion for Authority to Incur Post Petition and Super-Priority Indebtedness from Valley National Bank and Notice of Opportunity for Hearing (the "Motion") filed July 20, 2011, the Response of Witt Properties Incorporated to Debtor's Motion for Authority to Incur Post Petition and Super-Priority Indebtedness from Valley National Bank (the "Response") filed July 26, 2011, the pleadings on file in this case, and the signatures of counsel approving this Order, finds as follows:

1. Swadener Investment Properties, LLC ("SIP"), the above-captioned Debtor-in-Possession, filed its Motion for authority to incur post-petition and super-priority indebtedness from Valley National Bank pursuant to 11 U.S.C. Section 364(c); and F.R.Bankr.P 4001(c) and 9014.

2. As reflected by the Affidavit of Service, notice of the Motion was mailed to all parties in interest.

3. Response filed by Witt Properties, Incorporated ("Witt") has been withdrawn as its concerns have been incorporated in this Order.

4. SIP filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code on February 18, 2011. SIP is authorized to operate its business as a debtor-in-possession pursuant to 11 U.S.C. Sections 1107 and 1108.

5. SIP has continued in the management and operation of its business and properties as debtor-in-possession. No trustee or examiner has been appointed in this case, and no official creditors' committee has been formed.

6. SIP owns and operates four (4) commercial office buildings and a retail shopping center.

7. One of SIP's assets is a 19-story, 86,000 square foot, commercial office building located at 5810 E. Skelly Drive, Tulsa, Oklahoma. SIP is a party to a long term lease agreement with Witt concerning the real estate upon which this building is located (the "Lease"). SIP's interest in the commercial building and the Lease is referred to as the "Remington Tower." The term "Remington Tower" does not include Witt's interest therein. The scheduled value of the Remington Tower is $6,000,000.00.

8. On June 10, 2010, SIP filed its Motion for Order Approving Assumption of Lease of Non-Residential Real Property (the "Assumption of Lease Motion") to assume the Lease. Witt has responded to SIP's Assumption of Lease Motion, requiring among other things, that all of the pre-petitionad valorem taxes be paid to the Tulsa County Treasurer.

9. An Order Approving the Assumption of Lease Motion was entered on August 16, 2011 (the "Assumption Order").

10. Valley National Bank has a mortgage secured by the Remington Tower in the approximate amount of $4,366,451.10.

11. SIP only granted Valley National Bank a mortgage against its interest in the Remington Tower and not against Witt's interest therein because SIP does not own the real estate, but is a the lessee under the Lease.

12. Pursuant to the Assumption Order the unpaid ad valorem taxes owed to the Tulsa County Treasurer constitutes a default in its lease with SIP; and these taxes must be paid within 30 days to cure the default.

13. The amount of the pre-petition ad valorem taxes for the years 2007, 2008, 2009, 2010 owed to the Tulsa County Treasurer is $225,740.23.

14. Valley National Bank has agreed to loan SIP the sum of $225,740.23, or that amount necessary to pay the 2007, 2008, 2009, and 2010 ad valorem taxes owed to the Tulsa County Treasurer, to facilitate SIP's assumption of the Lease.

15. Valley National Bank has agreed to loan these funds to SIP conditioned upon (a) it receiving an administrative claim with priority over any or all administrative expenses of the kind specified in 11 U.S.C. Sections 503(b) or 507(b), except those expenses which may be incurred by a Chapter 7 or 11 Trustee (ADDED PER JUDGE MICHAEL) in the event a plan of reorganization is not confirmed, (b) it receiving a lien as to the net cash attributable to the commercial buildings in which it has a mortgage in the event a plan of reorganization is not confirmed, or this case is converted to Chapter 7, and (c) securitization of the additional amount loaned to the mortgage already in place against SIP's leasehold interest in the Remington Tower.  The liens and claims granted to Valley National Bank shall be subject and subordinate to payment of quarterly U.S. Trustee Fee.  It is specifically provided that no liens shall attach to Witt's interest in Remington Tower.

16. SIP, as the borrower, shall use the funds for the payment of the pre-petition 2007, 2008, 2009, and 2010 ad valorem taxes owed to the Tulsa County Treasurer so that its lease with Witt may be assumed.

17. This loan shall be repaid as part of SIP's indebtedness to Valley National Bank in accordance with SIP's Plan of Reorganization.

18. Valley National Bank shall have a super-priority administrative expense lien pursuant to 11 U.S.C. Section 34(c)(1) over all administrative expenses (except quarterly U.S. Trustee Fees) of the kind specified in 11 U.S.C. Sections 503(b) and 507(b) in the event a plan of reorganization is not confirmed, or this case is converted to Chapter 7.

19. There is no provision with Valley National Bank for providing it adequate protection or priority for a claim that arose before the commencement of SIP's case.

20. SIP has determined that Valley National Bank has a properly perfected first mortgage on all of its interest in the Remington Tower in the pre-petition amount of approximately $4,366,451.10.

21. The automatic stay provisions of 11 U.S.C. Section 362 shall be terminated or modified as to Valley National Bank to the extent necessary to implement the proposed order approving this Motion.

22. There has been no waiver or modification of any entity's authority or right to file a plan, seek extension of time to file a plan, request the use of cash collateral, or request the authority to obtain credit.

23. There has been no establishment of deadlines for filing a plan, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order.

24. There has been no waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien.

25. There has been no release, waiver or limitation on any claim or other cause of action belonging to SIP, including the modification of the statute of limitations or other deadline to commence an action.

26. There has been no indemnification of any entity.

27. There has been no release, waiver, or limitation of any right under 11 U.S.C. Section 506(c).

28. There has been no grant of a lien on any claim or cause of action arising under 11 U.S.C. Sections 544, 545, 547, 548, 553(b), 723(a), or 724(a).

29. SIP's loan with Valley National Bank is supported by SIP's business judgment:

    a. There is an immediate and critical need for SIP to obtain funds so that its lease with Witt concerning the Remington Tower may be assumed.

    b. Maintaining its lease with Witt so that SIP may continue its ownership and operation of Remington Tower is in the best interests of all parties in interest because it preserves the equity SIP has in the Remington Tower.

30. SIP was unable to obtain the required funds in the form of unsecured debt. SIP was unable to obtain the required funds in the form of secured debt except under the terms it has negotiated with Valley National Bank.

IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that notice of the Motion is proper.

IT IS THERFORE, ORDERED, ADJUDGED AND DECREED that nothing in this Order shall be construed to allow the obligation of the fee simple interest in the land to be used to secure any debt or obligation.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SIP is authorized to borrow from Valley National Bank the sum of $225,740.23 or that amount to pay the 2007, 2008, 2009, and 2010 ad valorem taxes owed to the Tulsa County Treasurer so that SIP's lease with Witt can be assumed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Valley National Bank shall (a) receive an administrative claim with priority over any or all administrative expenses of the kind specified in 11 U.S.C. Sections 503(b) or 507(b) in the event a plan of reorganization is not confirmed, (b) receive a lien as to the net cash attributable to the commercial buildings in which it has a mortgage in the event a plan of reorganization is not confirmed or this case is converted to Chapter 7, and (c) be secured by the additional amount loaned on the mortgage already in place against SIP's leasehold interest in the Remington Tower.  The liens and claims granted to Valley National Bank shall be subject and subordinate to payment of quarterly U.S. Trustee Fees.  It is specifically provided that no liens shall attach to Witt's interest in Remington Tower.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that SIP, as the borrower, shall use the funds for the payment of the pre-petition 2007, 2008, 2009, and 2010ad valorem taxes owed to the Tulsa County Treasurer so that its lease with Witt may be assumed.

Dated this 16th day of August, 2011.

                BY THE COURT:

                TERRENCE L. MICHAEL, CHIEF JUDGE
                UNITED STATES BANKRUPTCY COURT

Approved as to Form and Content:

RIGGS, ABNEY, NEAL, TURPEN,
ORBISON & LEWIS


s/Scott P. Kirtley
Scott P. Kirtley, OBA#11388
502 W. 6th Street
Tulsa, Oklahoma 74119
(918) 587-3161
(918) 587-9708 (fax)

Attorneys for Swadener Investment Properties, LLC

MorrelSaffaCraige, P.C.


s/Mark A. Craige
Mark A. Craige, OBA No. 1992
3501 South Yale Avenue
Tulsa, Oklahoma 74135-8014
918-664-0800
918-663-1383 (fax)

Attorneys for Witt Properties, Incorporated

STUART, BIOLOCHINI & TURNER


s/David P. Limekiller
David P. Limekiller, OBA #18173
15 East Fifth Street, Suite 4000
First Place Tower
Tulsa, Oklahoma 74103
918-582-3311
918-582-3033 (fax)

Attorneys for Valley National Bank