UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 11-10322-M |
| | ) | CHAPTER 11 |
| SWADENER INVESTMENT PROPERTIES, | ) | |
| LLC | ) | |
| | ) | |
| Debtor. | ) | |

## VALLEY NATIONAL BANK'S OBJECTION TO DISCLOSURE STATEMENT

Secured creditor Valley National Bank ("Valley") objects to the Disclosure Statement of Swadener Investment Properties, LLC ("SIP") debtor-in-possession, filed on August 15, 2011. Valley states the following in support of its Objection:

1. The Disclosure Statement does not explain or justify why Valley is treated worse than similarly situated secured creditors. Secured creditors NBC Bank, Regent Bank, and Ray Bagwell receive monthly interest payments at 3.25% for the first fourteen (14) months of the Plan. However, Valley's interest payments for said months are at a rate of only 2.2%.

2. The Plan proposes to sell the commercial real estate buildings owned and operated by SIP but the Disclosure Statement provides no useful information regarding any potential sales. All that is disclosed is that the properties are for sale and a real estate broker was retained. No information about pricing, prospective buyers, offers, or other relevant information is provided which prevents a creditor from making an informed decision regarding the probability of a sale and the range of the purchase price. Since SIP has allegedly been marketing the properties for months, this information should be readily available.

3. The Disclosure Statement states that the rents from SIP's commercial buildings will fund the payments under the plan. However, the Disclosure Statement does not provide the current occupancy rates of the buildings or expiration dates of current leases, nor does the

Disclosure Statement provide specific information about how SIP will attract new tenants and renew expiring leases. Again, without this information, a creditor cannot make an informed decision about the merits of the Plan.

  4. The Disclosure Statement states that the delinquent real estate taxes for the 2600 and 2700 Centers (Class 9—Secured Claim Tulsa County Treasurer) of $68,794.43 will be paid from the $179,000 held by the Tulsa County Clerk. The Disclosure Statement makes no mention of the disposition of the remaining $110,205.57. Valley believes these funds are proceeds from the Department of Transportation's condemnation action against SIP and as such, Valley, through its mortgages, has a lien on the remaining funds. Valley does not consent to SIP using these funds for any purpose unrelated to paying Valley's indebtedness.

  5. Valley also believes that several of SIP's tenants owe substantial amounts to SIP for unpaid rent. The Disclosure Statement does not state the amount of arrears and the possibility of obtaining payment including collecting from guarantors.

  6. The Disclosure Statement does not mention SIP's indebtedness to an affiliated entity Columbia Offices, LLC, which filed for relief under Chapter 7 on June 10, 2011 (Case No. 11-11642-M). It is believed that SIP owes Columbia Office in excess of $300,000.

  7. Valley further objects to the Disclosure Statement as SIP's projected financial statements (Exhibit A to Disclosure Statement) differ from the projected budgets submitted as Exhibit 1 to SIP's Second Motion for Authority to Use Cash Collateral ("Cash Collateral Motion") (Filed September 6, 2011; Document 112). SIP's proposed budgets for November 2011- March 2012 used as exhibits in the Cash Collateral Motion are attached as Exhibit A.

The projected budgets used to support the Cash Collateral Motion demonstrate that the Plan will not cash flow.

The Cash Collateral Motion's budgets did not include any payments to the secured creditors and projected a monthly net profit as follows:

November 2011-- $13,652.87

December 2011-- $10,580.37

January 2012-- $7,340.37

February 2012-- $7,052.87

March 2012-- $6,935.37

The Disclosure Statement states that approximately $30,000 a month will be paid to the mortgage holders. Based on the Cash Collateral Motion's projections, which were filed subsequent to the Disclosure Statement, SIP will not be able to pay the secured creditors. The different budget projections questions the viability of the Plan and the adequacy of the Disclosure Statement.

8. Based on the foregoing, Valley requests that the Court deny approval of the Disclosure Statement on the grounds that it does not adequate information that would enable a reasonable investor, typical of holders of claims, to make an informed judgment about the Plan.

WHEREFORE, Valley National Bank respectfully requests that this Court enter an Order denying the approval of the Disclosure Statement and requiring the Debtor to disclose adequate information in response to the objections made herein together with such other relief that the Court deems necessary and proper.

Respectfully submitted,

STUART, BIOLCHINI & TURNER


By: /s/ David P. Limekiller
    David P. Limekiller, OBA No. 18173
    Suite 4000, First Place Tower
    15 East Fifth Street
    Tulsa, Oklahoma 74103
    (918) 582-3311  - telephone
    (918) 582-3033  - facsimile

Attorneys for Valley National Bank

**CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the Valley National Bank's Objection was served electronically to all parties participating in the Court's CM/ECF system this 22nd day of August, 2011.

/s/ David P. Limekiller
David P. Limekiller